## No. 2377.

### SAM EVANS *v.* JOHN D. TEMPLETON.

1. **BONA FIDE PURCHASER.**—One who buys in ignorance of a prior unrecorded deed, and who has not paid the contract price for the property, can not be a bona fide purchaser. Such an one can assert no equity arising from the alleged negligence of the former purchaser, whose deed had once been recorded, and the record thereof burned, in failing to have his title established and his deed again recorded.

2. **LIMITATION—ADVERSE POSSESSION.**—One who sells a lot to be used as city property, which at the time is enclosed in a field, can not successfully set up the statute of limitation against the grantee, merely because the latter fails to take actual possession, and permits it to remain in the original enclosure. To make limitation effectual in such a case, the vendor must show some notorious act evincing a claim of ownership over the property, distinctly hostile to the claim of the grantee. The possession must not only be actual but visible, continuous, notorious, distinct and hostile, and of such a character as to indicate unmistakably an assertion of claim of exclusive ownership in the occupant.

APPEAL from Tarrant. Tried below before the Hon. R. E. Beckham.

*C. C. Cummings,* for appellant: A vendor may set up limitations as to his vendee. (Smith v. Montes, 11 Texas, 26, 27.)

Appellee should have taken steps within the four years to supply his deed under article 4282, Revised Statutes, and a failure to do so, leaving appellant in possession for more than ten years as ostensible owner, it being in his field with the bulk of his other property, was such negligence on the part of appellee that Brown, being a purchaser without notice, for value, and appellee being a purchaser from appellant without value, took the fee in the land; and appellee's only remedy against the appellant, if any, was an action for money had. He left appellant as a trustee charged with power to sell, by these acts of ownership—negligence on part of appellee—the ostensible title being in appellant. (Collins v. McCarty, 68 Texas, 150; Shearman & Redfield on Negligence, sec. 32, and note; Field on Damages, 171; 2 Thompson on Negligence, sec. 1232.)

*C. M. Templeton,* for appellee.

GAINES, ASSOCIATE JUSTICE.    Appellee brought this suit in the court below against appellant and E. B. Brown, alleging in his petition that, in 1873, the former conveyed to him a certain lot in the city of Fort Worth; that afterwards, in 1884, he again sold and conveyed the property to his co-defendant Brown; that his deed, duly acknowledged, was deposited for record in the office of the county clerk of Tarrant county, and, together with the court house of that county, was destroyed by fire in 1876. It was also averred that the lot in controversy was sold and conveyed to Brown, in connection with another lot adjacent thereto, of the same size and value, for the consideration of two thousand dollars, of which Brown had paid, including interest, only the sum of five hundred and sixty dollars.    It was further alleged that, if plaintiff was mistaken as to the exact locality of the lot sold to him, then it was a lot of the same dimensions, the east boundary of which lies one hundred feet further west than that of the lot he first described, and that the east half of this was embraced in the land sold to Brown.    Plaintiff prayed for a recovery of the land so conveyed to him, and, if this could not be had, then that he have judgment against defendant Evans for its value.    Defendant Evans pleaded a general denial, and the statute of limitations of two, three, five and ten years. Defendant Brown answered specially, admitting the purchase of the two lots of his co-defendant, and the conveyance of them to him upon the terms alleged in the petition, and that he had paid of the purchase money only the amount therein set forth. He prayed that, in the event the court found plaintiff entitled to recover the land claimed in his petition, that he should have a judgment against his co-defendant, canceling his unpaid notes and ordering that they be delivered up to him.

The case was submitted to the jury upon special issues, and they found, in substance, that defendant Evans did convey to plaintiff the lot first described in his petition; that Evans subsequently sold it to Brown on a credit of two thousand dollars, of which only five hundred and sixty dollars had been paid, and that plaintiff's lot and the other lot conveyed to Brown were of the value of one thousand dollars each, at the date of the sale to Brown and at the time of the trial.    A judgment was accordingly rendered for plaintiff for the recovery of the lot described in his petition and in the verdict as against both defendants, and a decree entered that, when defendant Brown should pay his co-defendant a sufficient sum to bring his payments up to one

thousand dollars and the interest thereon from the date of his notes, the notes should be extinguished, and that defendant Evans be enjoined from transferring said notes. From this judgment Evans appeals as against the plaintiff, but not against his co-defendant. Defendant Brown acquiesces in the result.

The second and third assignments of error complain of the refusal of the court to give charges asked by appellant. The instructions requested contain propositions which are erroneous, and for that reason alone were properly refused. Under the first, the jury would have been authorized to find against the plaintiff if Evans had held adverse possession of the land for two years. Besides, that charge would have made the case to turn upon the question of plaintiff's negligence in failing, after the destruction of his deed and the records of the county, to take steps to have his title established and his conveyance again recorded. There is no question of negligence in the case. The object of recording a deed is to give notice to creditors and subsequent purchasers from the grantor of the grantee's title. Except as to the matter of notice, an unrecorded title is as good as if recorded. Brown not having paid the purchase money in full, and that which he paid not being sufficient to cover the value of the lot to which he got a good title, could not claim the equity of a bona fide purchaser. The charge in every aspect was erroneous and misleading and was properly refused.

The second and fourth charges requested were upon the law of limitation as applicable to plaintiff's claim to recover of Evans the value of his lot in the event he failed to recover of Brown the lot itself. The recovery having been for the land, the refusal of this charge, even if correct, could not have operated to the prejudice of appellant. Hence, if error it was harmless, and we need not consider the question presented by the refusal.

Treating the third request for instructions as sufficient to call for a charge upon the law of limitations, it presents, in our opinion, the only question in the case worthy of serious consideration. The defendant, Evans, having conveyed the land to plaintiff, could not claim the benefit of the statute of either three or five years. He, however, testified that the lot in controversy had been enclosed and in his field ever since his conveyance to plaintiff in 1873 down to his sale to Brown in 1884; but that plaintiff's lot was not that claimed by the latter, but another which was situated near it. He also testified that both these lots remained in his enclosure after the conveyance, and that he also sold that

which he admitted to be plaintiff's to one Mrs. Higby in 1884, "because he had written to plaintiff about selling it." It appears, therefore, that he had the same character of possession and exercised the same acts of ownership over the lot he claimed to be plaintiff's as over that which he claimed as belonging to himself. This clearly indicates that there was no such adverse possession in the case as would set in operation the statute of limitations against plaintiff's suit until the sale to Brown in 1884. One who sells a lot to be used as city property, which at the time is enclosed in a field, can not successfully set up the statute of limitations against the grantee merely because the latter fails to take actual possession, and permits it to remain in the original enclosure. In order to make the plea of limitations effectual in such case he must show some notorious act of ownership over the property, distinctly hostile to the claim of the grantee, and the adverse possession after this must continue for a sufficient length of time before suit to complete the statutory bar. The "possession must not only be actual, but also visible, continuous, notorious, distinct and hostile, and of such a character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant." (Satterwhite v. Rosser, 61 Texas, 166; and cases cited.) Appellant having failed to show adverse possession, it was not error to refuse a charge upon the statute of limitations.

The assignments which complain of the verdict and judgment are not well taken. The verdict of the jury is responsive to the issues presented and finds all the facts of the case in favor of plaintiff, as alleged in his primary statement. This entitles him to the lot first described in the petition and entitled Brown to be relieved from paying for the lot to which his titled failed.

There being no error in the proceeding the judgment will be affirmed.

*Affirmed.*

**Opinion delivered December 20, 1887.**