### DICKEY v. FORRESTER et al.

(Court of Civil Appeals of Texas. Galveston. June 1, 1912.)

1. REFORMATION OF INSTRUMENTS (§ 36*)— GROUNDS—MUTUAL MISTAKE—PLEADINGS.

A pleading asking for the reformation of a deed of reconveyance by a purchaser to the vendor, which alleges that the purchaser acquired title to the property in controversy, forming a part of a larger tract by a deed from the vendor, that a part of the land was platted, that the vendor from time to time released parts of the lands from the vendor's lien, that it was the intention of the parties to the reconveyance to reconvey a portion of the tract, that the reconveyance by mistake of the parties included the land in controversy, states a cause of action for the reformation of the deed of conveyance on the ground of mutual mistake.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 141–146; Dec. Dig. § 36.*]

2. REFORMATION OF INSTRUMENTS (§ 19*)— GROUNDS—MUTUAL MISTAKE.

To justify the reformation of a deed on the ground of mistake, the mistake must be mutual, and contrary to the intention of both.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 74–78; Dec. Dig. § 19.*]

3. WITNESSES (§ 150*)—COMPETENCY—TRANSACTIONS WITH DECEASED PERSONS.

In trespass to try title by heirs of the deceased ancestor under whom defendant claimed, the defendant is, under Rev. St. 1895, art. 2302, incompetent to testify to statements made to him by the deceased ancestor.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 560, 653–657; Dec. Dig. § 150.*]

4. ADVERSE POSSESSION (§ 63*) — HOSTILE CHARACTER—POSSESSION BY VENDOR.

A vendor who remains in possession after deed, either by himself or his tenants, claiming the land as his own, without notice other than the possession, may acquire title by limitations as against his purchaser.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 333–357; Dec. Dig. § 63.*]

Error from District Court, Harris County; W. P. Hamblen, Judge.

Action by Gertrude Forrester and others against W. T. Dickey. There was a judgment for plaintiffs, and defendant brings error. Reversed and remanded.

Love & Channell, of Houston, for plaintiff in error. Gillaspie & Crawford, D. H. Hardy, and Ingham S. Roberts, all of Houston, for defendants in error.

REESE, J. This is an action in trespass to try title by Gertrude Forrester, widow, and other plaintiffs, heirs, of John Forrester, deceased, against W. T. Dickey. The property involved is a tract of 9.72 acres of land out of the A. C. Reynolds survey in Harris county, and also out of a tract of 415 acres of said survey formerly conveyed by John Forrester to W. T. Dickey. The defendant, in addition to a plea of not guilty, pleaded the statute of limitation of 10 years, and

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

further answering, alleged that in a reconveyance by him to said Forrester executed in 1898, which included a tract of 159 acres described by metes and bounds, and also added other words of description of the land conveyed which included the tract in controversy, by mistake of the lawyer who drew the deed the land in controversy was so included, that it was not intended by either himself or Forrester that this tract be included in such deed of reconveyance, and that it was not understood by Forrester during his lifetime nor by his heirs, the present plaintiffs, after his death, that the tract here involved was so included. By averments sufficiently definite, full, and specific defendants set up the mutual mistake as to said deed, in so far as the inclusion of the tract of land in controversy is concerned, and prayed that the deed be reformed so as to to speak the intention of the parties. The trial court sustained a demurrer of plaintiffs to the special answer praying reformation of the deed, refused to submit the issue of limitation, and directed a verdict for plaintiffs. From the judgment defendants prosecute error.

[1] By the first and second assignments of error appellant complains of the ruling of the court in sustaining the exceptions to his answer under which he prays reformation of the deed. That portion of the answer of appellant Dickey referred to alleged, in substance, that he acquired title to the property in controversy as a part of a larger tract of land by a deed from John Forrester on October 10, 1890; that after having acquired said land, and desiring to put same on the market, he employed P. Whitty, a surveyor, to plat and subdivide the southern portion of said tract of land, and that, after having surveyed and platted same, defendant caused said plat to be recorded and designated as Dickey's West Park addition to the city of Houston; that said surveyor attempted to plat all of said southern portion of said tract, down to the south line thereof, and both said surveyor and the defendant supposed that said plat covered all of said land down to the north line of the Schmidt tract, which was the south line of his purchase from Forrester; that at the time he purchased said land plaintiff in error executed notes to Forrester for a portion of the purchase money, upon which he made payments from time to time, and the said Forrester from time to time released portions of said land from said vendor's lien, said releases executed for proportionate parts of the entire tract upon which payments upon said notes were made, but said releases described the property released according to the plat of Dickey's West Park addition, and were based upon the supposition that said addition extended to the south line of the purchase from Forrester; that afterwards, on the 6th day of May, 1898, being unable to pay the remainder of the purchase money due, plaintiff in error reconveyed to Forrester 159⅔ acres of said original purchase of 415 acres, which 159⅔ acres was described in said deed of reconveyance as all of the tract conveyed by Forrester to Dickey October 10, 1890, except such portions as Forrester had released, and that it was the intention of the parties to said conveyance to reconvey to Forrester the northern portion of said tract of land, and said reconveyance was based upon the understanding on the part of both Forrester and Dickey that the releases theretofore executed by Forrester embraced all the land in the southern portion of said purchase down to the south line thereof; that after said reconveyance was made Forrester took possession of and fenced the northern portion of said tract, and then claimed, and has since claimed, the same as being all of the land embraced within said reconveyance, and neither Forrester nor his heirs ever thereafter asserted any claim to any portion of said land except 159⅔ acres in the northern portion of the tract, and had never made any claim to the land in controversy until about a year before the answer was filed, when it developed that the distance calls of the plat of Dickey's West Park addition, as prepared by Whitty, did not consume all of the land from the Westheimer road south to the south line of Dickey's purchase from Forrester, and that it then developed that by giving each of the blocks and streets of said addition the area called for by them there was an excess on the south end of said tract of about 9 acres of land. The answer concluded with a prayer for a judgment correcting and reforming the deed of reconveyance to Forrester, and vesting and quieting the title to the land in controversy in the plaintiff in error.

It was further averred, with reference to the aforesaid deed of reconveyance from Dickey to Forrester, that it described the 159⅔ acres by metes and bounds, and contains the following: "Also all of the balance of a tract of land conveyed by Jno. Forrester to W. T. Dickey, about October 10, 1890, which is fully set forth and described in his deed, which is recorded in volume 52, page 422, of the Records of Deeds of Harris county, Texas, which is referred to and made a part hereof, except such portions thereof as Jno. Forrester had released from the said lien retained in said deed, by releases duly executed, and now of record in Harris county, Texas, intending by this conveyance to reconvey to Jno. Forrester all of the land he conveyed to W. T. Dickey in said deed, excepting such parts as the records now show he has duly released from the lien to secure the purchase money retained in said deed." We think there can be no question that by the terms of the deed of reconveyance it included the tract of land in controversy, as to which the original vendor's lien had never been released. Appellant does not contend

otherwise. The special answer praying reformation is based upon this fact. Were it not so, there would be no need for reformation or correction of the deed. Appellant by his answer invokes the equity power of the court to correct the mistake and reform the deed in accordance with the intentions of the parties. If the allegations of the answer are true, appellant was entitled to the relief prayed for. 2 Pom. Eq. Juris. secs. 838, 870.

The averments of the answer are sufficient as to the understanding and intention of both Forrester and appellant that this tract was not to be included in the reconveyance. The case does not fall within the rule announced in Lott v. Kaiser, 61 Tex. 665, cited by appellee. In that case the grantor knew that the deed he was executing contained language the legal effect of which was to convey the title in præsenti and absolutely, but endeavored to defeat this expressed purpose of the deed by proof of an intention that the conveyance was only to take effect at his death. That the deed did not express this intention the court held was not the result of either accident nor mistake, and the grantor could not in equity be relieved of the legal effect of the deed. If upon a trial of this case it should be developed that Forrester intended, at all events, that the reconveyance by Dickey to him should include, in addition to the 159⅔ acres specifically described, any portion of the tract conveyed by him to Dickey, as to which the vendor's lien had not been released, and supposed that the land in controversy had been so released, but did not intend that it should not be included in the reconveyance, unless it had been, in fact, released from the vendor's lien, then it cannot be said that this would present such a mistake in the inclusion of this land in the description of the land reconveyed as appellant would be entitled to be relieved against. The mistake, if any, in the execution of the several releases, whereby the same did not include the tract in controversy, cannot be corrected in this suit. It is not attempted to do so. If it was John Forrester's intention that the deed of reconveyance should include this tract, if in fact it was not included in the releases, then it appearing that it was not so included it could not be said that Forrester did not intend that it should be included in the reconveyance. The question would be, What was John Forrester's intention with reference to the inclusion of this tract in the deed should it turn out, as it has turned out, that it is a part of the tract conveyed by him to Dickey which had not been released from the vendor's lien? The allegations of the answer are that it was not intended by either party that this tract should be included in the reconveyance. If it should turn out that Forrester supposed that it had been released, but intended that it should be included in the terms of the reconveyance if it had not been released, then

the deed as written really speaks his intention.

[2] Only a mistake mutual to both parties could be corrected, and appellees are entitled to stand on the terms of the deed of reconveyance, unless it be shown that by mistake mutual to the ancestor and Dickey, and contrary to the intention of both of them, the land in controversy was included in the reconveyance.

[3] The objection to the testimony of Dickey as to statements made to him by deceased, John Forrester, was properly sustained. The plaintiffs were suing as heirs of said Forrester. R. S. art. 2302. The bill of exceptions shows that this was the only objection urged. It is not stated in the bill of exceptions nor elsewhere what objection was urged to the testimony of this witness as to what was said by R. H. Hannah. In the state of the pleadings after appellant's special answer alleging mistake in the deed and praying reformation was stricken out, this evidence was immaterial. It would be material and admissible to support this defense if offered on another trial, provided it was first shown that Hannah was authorized to represent John Forrester, and the circumstances were such as to make his acts and statements binding upon him.

[4] We think the court erred in refusing to submit the issue of title under the 10-year statute of limitation in Dickey. The suit was filed May 30, 1910. Evidence was introduced which tended to show that at the date of the reconveyance by appellant to John Forrester, which was May 6, 1898, the land in controversy was under inclosure, and was occupied and used by Mrs. Smith as a tenant of Dickey. This holding by Mrs. Smith as tenant of Dickey continued up to some time in 1902, when Dickey leased it to Yoakum, who continued to occupy and use the premises as tenant of Dickey up to and since the institution of this suit. According to this testimony, for the period of 12 years which elapsed from the date of the reconveyance to Forrester to the filing of the suit, appellant continued in open adverse occupancy of the lands by his tenants, Smith and Yoakum, such use and occupancy being sufficient to support his claim under the statute of limitations of ten years, unless such claim must be denied on the ground that a vendor cannot prescribe under the 10-year statute against his vendee by remaining in possession, claiming the land as his own and without other notice to his vendee of his adverse claim than is afforded by such possession. We think the law has been settled otherwise in this state. In Smith v. Montes, 11 Tex. 24, the Supreme Court, speaking through Chief Justice Hemphill, says: "The objection to the charge is that, after the sale, the vendor became tenant at will to the purchaser, and could not set up title by possession; and it is said that, according to the

authorities, the relation of landlord and tenant existed between the vendor and vendee. No such authority has been cited; and, if any such could be found, I should doubt whether the doctrine could be supported on principle. As long as the contract remains executory, there is, under certain circumstances, a species of trust between the vendor and vendee, which will suspend the statute; and this relation will exist until the transaction is completed, or until it is disavowed or extinguished by the lapse of time and the laches of the party in seeking his redress. But, in this case, the contract was executed. The defendant claims by deed. No further act on the part of the vendor was necessary for the transfer of her right. All relations of a fiduciary character had ceased; and there was no reason why the statute should stop its course, or why it should not bring repose and quiet to these parties, as it does to others, by its salutary operation; and I am aware of no principle of law which would prevent a vendor, who, after title has passed, remains in the undisputed and exclusive possession of the property without recognition of the vendee's rights, from claiming the benefit of the statute." In the case of Thomson v. Weisman, 98 Tex. 170, 82 S. W. 503, the same doctrine is applied to a party against whom a judgment had been rendered, and who, notwithstanding, remained in possession. In that case the general doctrine as to a vendor so remaining in possession was recognized as stated in Smith v. Montes, supra, but a distinction was attempted to be made between such a case and that under consideration where the defendant against whom a judgment had been rendered for the land so remained in possession. The court, however, refused to recognize the distinction. The court says: "This court has held that a vendor by executed conveyance who remains in possession of the land, claiming it as his own, without notice other than possession, may acquire against his vendee a title by limitation"—citing Smith v. Montes, supra, Harn v. Smith, 79 Tex. 310, 15 S. W. 240, 23 Am. St. Rep. 340, and other cases, all of which support the doctrine announced. We think there can be no logical difference, so far as the question here presented is concerned, between a continued possession by the vendor himself and one held by his tenants. The possession of the land by Mrs. Smith and, following her, Yoakum, both unquestionably holding as tenants of appellant, was as effective to protect him as would his own personal possession have been. Cobb v. Robertson, 99 Tex. 145, 86 S. W. 746, 87 S. W. 1148, 122 Am. St. Rep. 609.

Appellant complains of the action of the court in refusing to submit the issue of limitation at his request, and also of the refusal to instruct the jury to return a verdict for the defendant on this issue. The issue should have been submitted. We are inclined to the opinion that it would have been improper to give the peremptory charge requested by appellant.

For the errors indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.