**EPPS et al. v. FINEHOUT.**

No. 11532.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 12, 1945.

Rehearing Denied Oct. 3, 1945.

Claud J. Carter, Jr., of Victoria, for appellants.

C. C. Carsner, of Victoria, for appellee.

NORVELL, Justice.

This is an action of trespass to try title involving a strip of land in Victoria County, 10 varas wide and 82.6 varas long, lying within and along the north side of a 3.02 acre tract conveyed by Mitchell Epps and wife, Phoebe Epps, to Will Pope on October 27, 1915.

It was agreed upon the trial that Mitchell Epps was the common source of title. Dr. Rea R. Finehout, plaintiff below and appellee here, claims under regular conveyances from Will Pope, Mitchell Epps' grantee. Appellants, Oscar Epps and others, are the heirs at law of Mitchell Epps, who

died in 1925 or 1926. The Mitchell Epps estate apparently owns land to the east and north of the 3.02 acre tract now owned by Dr. Finehout.

It seems to be conceded that the disputed ten-vara strip lies within the field notes of the Finehout tract. The appellants, as defendants in the trial court, relied upon the five, ten and twenty-five year statutes of limitation. Articles 5509, 5510, and 5519, Vernon's Ann.Civ.Stats. The trial court held against appellants upon their claims of limitations and the correctness of these holdings is challenged here.

█ It is clear that appellants can not recover under the five-year statute. We suppose that at some time Mitchell Epps did receive a deed or conveyance embracing the property now involved in this litigation, although such conveyance or deed was not introduced in evidence. However, as above pointed out, Mitchell Epps conveyed the property to appellee's predecessor in 1915. The five-year statute is consequently not available to his heirs claiming adversely to those holding under his deed. Harris v. Hardeman, 27 Tex. 248; Voight v. Mackle, 71 Tex. 78, 8 S.W. 623.

█ Similarly, under the twenty-five year statute, we do not believe that one claiming as an heir against those holding under an ancestor's deed can be considered as holding "under claim of right, in good faith, under a deed or deeds * * * purporting to convey" the property claimed.

█ At all events, there is no evidence in the record of any "deed or deeds" under which appellants claim, and consequently their assertion of title under the twenty-five year statute must be rejected. Howth v. Farrar, 5 Cir., 94 F. 654, loc. cit. 660.

█ As to the ten-year statute, it is stated in Texas Jurisprudence that: "In the situation which commonly is presented, the issues in cases of this class are for the jury's determination. The testimony of the claimant that he had been in possession of the land under an adverse claim of more than ten years raises a question of fact, but it is not conclusive, because the claimant is an interested witness." 2 Tex.Jur. 233, § 127.

█ In this case the only witnesses for the limitation claimants were Oscar Epps and his sister, Pearl Epps Buckner, both interested parties. The trial judge, sitting without a jury, presumably decided all fact issues against appellants, and since appellants had the burden of proof, the judgment should not be disturbed unless it can be said that title by limitation under the ten-year statute was established as a matter of law.

█ Appellants' evidence falls far short of being of this conclusive character. There was some evidence that the disputed strip was enclosed with other lands belonging to the Epps estate by a one-strand barbed wire fence. There was likewise evidence that this fence, if such it may be called, was repeatedly crossed by persons going to and from various tracts of land in the vicinity. At most appellants' testimony indicated that the physical condition of the fence and visible indices of occupancy were about the same as they were in 1915, when Mitchell Epps sold and conveyed the tract in question. It appears that the 3.02 acre tract owned by Dr. Finehout may be classed as suburban property, in that it is situated in a locality wherein numerous dwelling houses are located and lies across a designated street (South Depot Street) from a tract of land owned by the Victoria Independent School District upon which is situated a school for negro children. Apparently the tract is situated near the southern boundary line of the limits of the City of Victoria and in an area which has been for the most part subdivided for urban residence purposes.

█ In Evans v. Templeton, 69 Tex. 375, 6 S.W. 843, 844, 5 Am.St.Rep. 71, it was said: "One who sells a lot to be used as city property, which at the time is enclosed in a field, can not successfully set up the statute of limitations against the grantee merely because the latter fails to take actual possession, and permits it to remain in the original enclosure. In order to make the plea of limitations effectual in such case, he must show some notorious act of ownership over the property, distinctly hostile to the claim of the grantee; and the adverse possession after this must continue for a sufficient length of time before suit to complete the statutory bar. The 'possession must not only be actual, but also visible, continuous, notorious, distinct, and hostile, and of such a character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant.' Satterwhite v. Rosser, 61 Tex. 166, and cases cited. Appellant having failed to show ad-

verse possession, it was not error to refuse a charge upon the statute of limitations."

In our opinion, the authority above cited and quoted from conclusively demonstrates that appellants' claim of title under the ten-year statute is without merit.

No reversible error having been disclosed by appellants' brief, an affirmance of the judgment appealed from will be ordered.

Judgment affirmed.