## SAFETY CAS. CO. v. BENNETT.

### No. 14635.

Court of Civil Appeals of Texas.
Dallas.

June 5, 1953.

.W. E. McKellar, Jr., Dallas, for appellant.

White & Yarborough, Dallas, for appellee.

YOUNG, Justice.

The suit was for benefits claimed as due under the Texas Workmen's Compensation Act, Art. 8306 ct seq., Vernon's Ann.Civ. St., following an accidental injury allegedly sustained by Bennett while an employee of the Magnolia Petroleum Company. On jury issues and answers, a plaintiff's judgment was rendered for $3,000 with timely appeal by the insurance carrier.

In brief, the following findings constitute the basis of judgment: (1) That Bennett sustained accidental injuries on or about May 21, 1951 while in the course of his employment with the Magnolia Petroleum Company; (2) such injuries resulting in total and permanent incapacity to work, which was not due solely to a congenital deformity of claimant's back; (3) and further, that his incapacity to work was not a result of congenital deformity and previous injuries received outside the course of his employment.

Defendant Company's points of appeal, however, and the extensive allegations of its amended motion for new trial relate solely to the court's error in overruling same, (1) on ground of newly discovered evidence, and (2) in not sustaining its objections (detailed in said motion) to a series of alleged prejudicial questions propounded by plaintiff's counsel to Mr. Lawrence McGee, an employee of the Workmen's Compensation Insurance Department —Magnolia Petroleum Company.

 Said points of error are first objected to by appellee for several reasons. Assignments 1 and 2 of the amended motion for new trial are not so general in form as to be indefinite, considering the matters therein complained of. However, in presentation of points, counsel does not refer to pages of transcript where the supporting assignments may be found; nor are the "series of questions" under point 2 (claimed as prejudicial) brought forward in the brief; reference being simply made to statement of facts in such connection. This fails to comply with Texas Rules of Civil Procedure, Rule 418(c); appellee being similarly derelict in matter of index of authorities, Rule 421, Texas Civil Procedure.

The newly discovered evidence by way of exhibits, affidavits, work time slips, and copies of safety instruction reports demonstrated a normal ability on part of plaintiff to read and write. Defendant had pled on the trial a full recovery by plaintiff from any injury received in course of employment; and if otherwise, that his disability had an incompensable origin. On the trial, plaintiff testified that since the injury he had not been able to do manual labor, there having been no interval when he did not have back pains; defendant countering with two papers, signed by plaintiff and placed in evidence, of a character somewhat contradictory. These instruments were, (1) application for employment with Brown & Root, Inc., dated seven months after his injury. On the line labeled "Physical Condition" appeared the word "Good"; and

the line styled "Defects" was left blank; the form being filled out by plaintiff's wife. (2) An application headed "Initial Claim for Benefits" filed with Texas Employment Commission eight months after injury. This paper contained a clause reading "Unless otherwise indicated, I am able to work and available for work." The space opposite this clause for any exceptions was left blank; plaintiff signing his name following a statement that "I have read the foregoing and I certify that it is true and correct." On cross-examination by defense counsel relative to these documents, plaintiff stated in effect that he could not read their contents; at least not well enough to tell one application from another; his counsel remarking during the colloquy that, "The man has already said he couldn't read." It is the position of defendant that the foregoing occurrences came as a surprise, resulting in a belief by the jury that plaintiff could not read; which belief on their part "completely destroyed the weight and creditability of the admissions" constituting appellant's defense; that after the trial it was learned that plaintiff *could* read; whereupon the voluminous exhibits were gathered and offered in amended motion for new trial as newly discovered evidence.

█ All the items involved under point 1 are seen as matters of impeachment rather than newly discovered evidence under the commonly accepted definition of the latter term. New trials are rarely granted on basis of such evidence, newly discovered. See 29 Tex.Digest, New Trial, █ for manifold citations in point. Aside from this, the bulk of evidence tendered on new trial had been at all times in the files of the employer, whose offices were adjoining in so far as the Magnolia Department of Workmen's Compensation Insurance was concerned. Defendant had notice of claimant's limitations in matter of ability to read at an early stage of the trial; Bennett on the one hand admitting he could read, but was not very good at it, while the evidence proffered indicates a normal aptitude in such regard. Appellant's showing of due diligence may well be questioned, these exhibits in the main having been as readily accessible during the trial as afterwards. Safety Casualty Co. v. Harrington, Tex. Civ.App., 193 S.W.2d 703. And it is our conclusion undoubtedly that the court's ruling on the subject involved no abuse of discretion.

█ Neither did the "series of questions" referred to by appellant as appearing on pages 152–154, statement of facts, in any wise amount to sufficient predicate for a new trial. No objection was made thereto except the last question, to which defendant's objection was sustained by the court along with the jury instruction, "* * * you are instructed to disregard the statement for any purpose whatever, and Mr. Yarborough, you are instructed not to repeat the question."

█ The preceding series of questions are viewed as irrelevant rather than harmful; plaintiff's counsel thereby endeavoring to establish a relationship between defendant and the employer other than that of compensation carrier. The matter thus sought to be elicited had no particular bearing upon the lawsuit; and even if the interrogation had been so prejudicial as now complained of, defense counsel should, additional to timely objection, have moved for a mistrial; absent which, the error, if any, was waived.

The points under discussion present no error deemed reversible and plaintiff's judgment is accordingly affirmed.