**COMMERCIAL TRAVELERS CASUALTY COMPANY, Appellant,**

v.

**J. L. PERRY, Appellee.**

**No. 6828.**

Court of Civil Appeals of Texas.

Texarkana.

June 30, 1955.

J. T. Sample, Dallas, for appellant.

Moore & Moore, Paris, for appellee.

DAVIS, Justice.

Appellee-plaintiff, J. L. Perry, sued appellant-defendant, Commercial Travelers Casualty Company, for benefits based upon an application and receipt for an accident policy. Appellee contending that the application, and receipt from the agent provided for insurance from the date of the issuance of the receipt.

Appellee was injured after the issuance of the receipt and before the issuance of the policy applied for.

It was stipulated at the trial that appellee was only entitled to recover $920 under such policy applied for, if anything.

Trial was to a jury which answered all special issues submitted in favor of appellee, and in view of the state of the record, we do not think it necessary to give further details of the nature and result of the suit.

Appellant brings forward 3 points of error, as follows:

1. The Court erred in admitting evidence and testimony on intention of the parties.

2. The Court erred in overruling appellant's motion for instructed verdict.

3. The Court erred in entering judgment for interest prior to the date of judgment.

 The purpose of a point of error is to point out, segregate, and identify the particular ruling or action of the trial court which it is contended constitutes reversible error, and assignment of error which does not segregate and identify particular proceedings in the trial court wherein it is contended error was committed is insufficient. We have concluded that points 1 and 2 herein fall short of the requirements. Kendall v. Johnson, Tex.Civ.App., 212 S.W. 2d 232, n. w. h.; and Westcliff Co. v. Wall, Tex.Civ.App., 261 S.W.2d 450, reversed on other grounds, Tex., 267 S.W.2d 544.

A careful examination of appellant's motion for new trial does not reveal any such complaint as contained in point 1. By its 11th point in its motion for new trial, appellant complained of the action of the trial court in submitting fact issues to the jury based upon testimony and evidence of the intention of the parties because there was "no pleading or proof to support such testimony or submission of issues of fact thereon". The testimony and evidence complained of is not set out in the brief or the pages referred to in the statement of facts where same may be found and, therefore, fails to comply with Rule 418, Texas Rules of Civil Procedure. Safety Casualty Co. v. Bennett, Tex.Civ.App., 259 S.W.2d 596, n. w. h., Alpine Tel. Corp. v. McCall, Tex. Civ.App., 195 S.W.2d 585, ref. n. r. e.

Appellant's point 2 is too general. Its motion for instructed verdict contains several assignments of alleged error. If we attempted to pass on all the alleged errors set out in the motion for instructed verdict, the point would then become multifarious. Points 1 and 2 will not be considered.

We think point 3 is well taken and should be sustained. The trial court sustained an exception to appellee's pleading wherein interest prior to the date of judgment was sought. No counter-assignment of error to the Court's ruling is made by appellee. Point 3 is sustained.

For the error set out in point 3, the judgment of the trial court is reformed to allow interest at the rate of six per cent per annum from the date of judgment, September 20, 1954, until paid, and as reformed is affirmed.