Julia C. Hunt CARMICHAEL, Appellant,

v.

Abbie WILLIAMS, Appellee.

No. 6848.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 12, 1956.

Rehearing Denied Jan. 26, 1956.

R. P. Watson, Jr., Marshall, for appellant.

Smith & Hall, Marshall, for appellee.

FANNING, Justice.

This appeal involves title to the South 10 acres of a 40-acre tract of land in Harrison County, Texas. Appellant, Julia C. Hunt Carmichael, claims the 10 acres in question through a deed from L. H. Williams and wife, dated April 6, 1936, and also through deed to the 10 acres in controversy from appellee, Abbie Williams, to L. H. Williams, dated February 15, 1936. Appellee, Abbie Williams, denied making a deed to L. H. Williams, testifying to the effect that she signed or understood that she was signing a note and produced various receipts for indebtedness paid to Williams, and testified to the effect that she never recognized the deed to Williams, that neither Williams nor appellant ever had possession

of the 10 acres at any time, and testified to facts showing her continued use, occupancy and adverse possession of said 40-acre tract, including the 10 acres in question, since her ownership of the 40 acres from 1920 until the time of the trial in 1955. Appellee-plaintiff's pleadings were in trespass to try title and she also pleaded the five and 10-year statutes of limitation, Vernon's Ann.Civ.St. arts. 5509, 5510. The jury found favorably to the appellee on the issues of limitation with respect to the five and 10-year statutes covering such periods after April 6, 1936. The jury also found to the effect that appellee, Abbie Williams, asserted adverse possession to the property in controversy against appellant such as was and is of such unequivocal notoriety that the appellant, Carmichael, would be presumed to have notice of such adverse claim and possession. Judgment was entered for plaintiff upon the verdict of the jury and appellant has appealed.

Appellant presents six points. Appellant's first four points will not be quoted here because of their length. Appellee objects to the first four points because: (1) The points do not apprise the court of the assignments of error to which said points are germane as required by Rule 418, Texas Rules of Civil Procedure; (2) the points do not direct the attention of the court to the error relied upon by the appellant in the trial court. We are of the view that appellant's first four points are not briefed in accordance with the briefing rules. See the following authorities: Rule 418, T.R. C.P.; Safety Gas Co. v. Bennett, Tex.Civ. App., 259 S.W.2d 596; Treme v. Thomas, Tex.Civ.App., 161 S.W.2d 124; Novita Oil Co. v. Smith, Tex.Civ.App., 247 S.W.2d 151; Commercial Travelers Casualty Company v. Perry, Tex.Civ.App., 281 S.W.2d 130; Hudspeth v. Hudspeth, Tex.Civ.App., 206 S.W.2d 863.

■ Appellee objects to appellant's fifth point because it is multifarious, and because no objections, exceptions, requested issues or instructions were filed in the trial court, by appellant as to any issues submitted to the jury. We have examined the point and

think these objections are well taken. See the following authorities: Rule 274, T.R. C.P.; Safety Casualty Co. v. Link, Tex. Civ.App., 209 S.W.2d 391, wr. ref. NRE; Edwards v. Strong, 147 Tex. 155, 213 S.W. 2d 979; Federal Underwriters' Exchange v. Bickham, Tex.Civ.App., 136 S.W.2d 880; Butler v. Jenkins Oil Corp., Tex.Civ.App., 68 S.W.2d 248.

It is our further view that a full consideration of appellant's first five points will reveal neither fundamental nor reversible error under the record in this case. As we understand appellant's first five points, the gist of her contentions is that the trial court erred in not granting her motion for directed verdict and her motion for judgment non obstante veredicto under the undisputed evidence and because of her deed from L. H. Williams and because of the deed from Abbie Williams to L. H. Williams, and contends in essence that there were no fact issues raised to go to the jury.

■ It is well-established law that a vendor may claim the benefit of the 10-year adverse possession statute where he remains in possession of the land conveyed *without recognizing the vendee's rights,* but claiming the land as his own. Great Southern Life Ins. Co. v. Dodson, Tex.Civ.App., 155 S.W.2d 379; Crandell v. Garza, Tex. Civ.App., 265 S.W.2d 846, wr. ref. NRE; Dickey v. Forrester, Tex.Civ.App., 148 S.W. 1181; Evans v. Templeton, 69 Tex. 375, 6 S.W. 843; Smith v. Montes, 11 Tex. 24; Thomson v. Weisman, 98 Tex. 170, 82 S.W. 503; Texas & P. Ry. Co. v. Maynard, Tex.Civ.App., 51 S.W. 255, wr. den.; Harne v. Smith, 79 Tex. 310, 15 S.W. 240, 23 Am.St.Rep. 340.

In Great Southern Life Ins. Co. v. Dodson, supra [155 S.W.2d 381], it is stated:

"The appellant contends that there was no adverse possession of the land by the appellee because there was no change in the nature and character of the holding before and after the partition suit in 1907. * * * The appellant thus asserts that subsequent to the partition the appellee was in the same

position as a grantor after a conveyance remaining in possession in recognition of the grantee's title, and in order to establish a limitation title must necessarily have repudiated the title of the record owner in some manner other than naked possession of the land. We recognize the rule that where a claimant enters into possession of a tract of land in privity with or in recognition of the true owner's title, he cannot thereafter perfect a claim of title or defense under the statute as against the true owner without bringing to his notice a repudiation of the recognition and the assertion of an adverse claim, and the 'right to shield his possession under the statute or to carve an estate, dates only from his repudiation' (citing cases). But this rule, we think, is not applicable to the facts of this case. There is no intimation from the evidence that the appellee went into possession of the land after the partition in recognition of the rights of her stepchildren or that in any manner she has since recognized the rights of their grantees and their successors in interest. On the contrary the testimony reveals that at all times since the partition the appellee has possessed the land under the mistaken belief that it passed to her under the partition judgment. Therefore, this case more accurately falls within the rule that there is nothing to prevent a vendor from claiming the benefit of the statute where he remains in possession of the land conveyed without recognizing the vendee's rights but claiming the land as his own. (Citing cases.) * * * 'As a rule', it is said, 'continued open and notorious possession by a grantor will be deemed to be adverse where it is of such a character as to be entirely inconsistent with the rights of the grantee'. 1 Am.Jur. 819, par. 48. The fact that through all the years the appellee held the land under the erroneous conclusion that it passed to her in the partition judgment would not denote that her possession lacked hostility nor

defeat her title by limitation. (Citing cases.) We therefore conclude that under this record the appellee has sufficiently established her limitation title."

Appellee, Abbie Williams, purchased the 40-acre tract in question from her father, Sam Nurray (the common source of title) in 1920, moved on the land then and lived on it continuously from 1920 up to and including the date of the trial in 1955, and testified to the effect that she claimed and used it as her own continuously all of said time, claiming same adversely to appellant and the world, cultivating same by making corn, ribbon cane, peas and other crops on the entire 40 acres (including the 10 acres in controversy) with her son working it with her up until his loss of eyesight and death (which according to the testimony occurred about 1940), with appellee, Abbie Williams, plowing and working crops on the 40 acres (including the 10-acre tract in controversy) continuously thereafter as best she could according to her health, and also testified to having three horses which grazed on the land during her son's lifetime, and testified that said land was fenced, except in the front, etc. There was also positive testimony from James McClelland to the effect that after 1936 he plowed for appellee, Abbie Williams, on the 10-acre tract in controversy and cultivated it for appellee. Appellee also testified that she did not sign or agree to sign a deed to L. H. Williams but that what she signed or intended to sign was a note for indebtedness to Williams, which indebtedness she testified she paid and produced written receipts from Williams which she had kept in her snuff-box. Her testimony clearly shows that she never did recognize the Williams deed or his claim to the property nor did she ever recognize Mrs. Carmichael's claim to the property. Appellee also testified to the effect that L. H. Williams or someone else ran a one-wire fence along the trees separating the 10-acre tract from the remaining 30 acres of the 40-acre tract, and that "the lawman" advised her to take an axe and cut down the wire, but that she did not bother to do so, as it was

laying down. At any rate appellee apparently paid no attention to the wire either before or after it fell down as she testified to her continuous use of the entire 40 acres, including the 10 acres in question, in the same manner after 1936 as she did prior thereto. There was also testimony to the effect that appellee sold timber from the 40 acres (including the 10 acres) after 1936. There was also testimony from several of appellee's neighbors supporting the notoriety of her adverse possession and supporting appellee's claim of adverse possession under the 10-year statute in various respects.

The appellant did not testify. Only two witnesses were produced in her behalf and we are inclined to the view that their testimony was more helpful to appellee than to appellant.

It is undisputed that appellant, who lived in Chicago, never at any time was in actual possession of the 10 acres in question, never cultivated it, pastured it, or used it in any way, or did anything with reference to it except to walk across it several times when she visited the area. Both appellant and appellee intermittently paid taxes on the 10 acres in question but neither of them paid taxes for five consecutive years.

The evidence reflects the notoriety of appellee's claim of the property in question and also reflects her hostility to any claims of L. H. Williams and appellant, Carmichael. The evidence also shows positive acts of cultivation of the land in question and the sale of timber therefrom, after 1936, which evidences of use were undoubtedly visible on the ground and could have been and probably were observed by appellant, Carmichael, on the various occasions after 1936 whenever she visited and walked over the 10 acres in controversy.

█ We hold that there was sufficient evidence of probative force in this case to support the findings of the jury in favor of appellee with respect to the 10-year statute of limitation. Nelson v. Morris, Tex.Civ. App., 227 S.W.2d 586, wr. ref. NRE; Preveto v. Herring, Tex.Civ.App., 198 S.W. 2d 921; Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453; Jackson v. Peters, Tex. Civ.App., 251 S.W.2d 544; Alma Oil Co. v. Shepperd, Tex.Civ.App., 116 S.W.2d 495.

██ Appellee objects to the consideration of appellant's sixth point (with reference to the admission in evidence of written receipts from Lynn (L. H.) Williams to Abbie Williams) because same was not raised as an assignment of error in appellant's motion for new trial and was raised for the first time as appellant's sixth point. We sustain appellee's objections to appellant's sixth point under the following authorities: Rule 374, T.R.C.P.; Kendall v. Johnson, Tex.Civ.App., 212 S.W.2d 232; Steinke v. Schmid, Tex.Civ.App., 223 S.W. 2d 955; Johnson Aircrafts, Inc., v. Wilborn, Tex.Civ.App., 190 S.W.2d 426. However, we think this evidence was admissible to show that appellee, Abbie Williams, had paid her indebtedness to L. H. Williams and did not recognize the L. H. Williams deed (who conveyed to appellant, Carmichael) and did not recognize his claim to the land, and that she did not recognize the claim of appellant under the Williams deed.

█ The finding of the jury in favor of appellee on the 5-year statute of limitation is not supported by the evidence. However, since the findings of the jury in favor of appellee on the 10-year statute of limitation are sufficiently supported by the evidence, the judgment of the trial court in favor of appellee is a correct judgment on the merits of the case.

The judgment of the trial court is affirmed.

Affirmed.