**J. C. CHAVIS, Sr., Appellant,**

v.

**Jennie KING, Appellee.**

**No. 7353.**

Court of Civil Appeals of Texas.

Texarkana.

Nov. 7, 1961.

Eldred Smith, Longview, for appellant.

Alvin G. Khoury, R. L. Whitehead, Longview, for appellee.

FANNING, Justice.

Jennie King, plaintiff-appellee, recovered judgment against defendant-appellant J. C. Chavis, Sr., for fire damages to her house, loss of use thereof, and to her personal property, in the amount of $9,373.50, occasioned by the alleged negligence of defendant-appellant.

Trial was to a jury. Certain stipulations with respect to $7,741 damages to plaintiff's house were made. Certain special issues were submitted to the jury. Liability issues were answered in favor of plaintiff-appellee and against defendant-appellant, both on plaintiff-appellee's suit and on defendant-appellant's cross-action. (Another defendant, Bruce King, was acquitted of liability by the answers of the jury and a take nothing judgment was rendered in favor of him and he is not involved on this appeal). The jury also answered four damage issues, 5, 6, 7, and 8, favorably to plaintiff with respect to damages to plaintiff's wearing apparel, household furniture, repairs and renovation of household equipment and loss of use of her home, with the answers to these four issues aggregating the total sum of $1,637.50. No issue with respect to damages to plaintiff's house was submitted. The trial court, stating in its judgment in part as follows: "Based on the findings of the jury as shown by their answers to the foregoing special issues *and all of the evidence in this cause* * * *", (emphasis added) rendered judgment in favor of plaintiff-appellee against defendant-appellant in the total sum of $9,373.50.

Appellant presents two points on appeal as follows:

"(1.)

"The Court erred in overruling appellant's Motion for a new trial. Germane to Assignments No. 1, No. 3, and No. 4.

"(2.)

"The Court erred in overruling appellant's Motion for a new trial. Germane to Assignments No. 2, and No. 3."

The above quoted points are general and multifarious. See Carmichael v. Williams, Tex.Civ.App., 286 S.W.2d 456 and authorities therein cited. However under the doctrine of Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, we have examined the statements and arguments presented under appellant's points in order to determine the matters complained of by appellant. We have also examined the assignments of error referred to by appellant in his points. Appellant's motion for new trial contained four assignments of error which read as follows:

"1.

"The Court erred in entering its judgment in the amount of $9,373.50 in that there is no issue that would support such amount in that the only damage issue requested by the plaintiff and submitted by the Court is Special Issue No. 5, 6, 7, and 8, and that the

combined total found by the jury as represented in issues 5, 6, 7, and 8 is $1,637.50.

"2.

"The Court erred in entering its judgment in the amount of $9,373.50 in that there is no evidence that will support such judgment in said amount, but that the only issues before the Court in such cause that will support a judgment is set forth in Special Issues No. 5, 6, 7 and 8 and the combined total found by such issues is $1,637.50.

"3.

"The Court erred in entering its judgment in the amount of $9,373.50 instead of entering its judgment in the amount of $1,637.50 for there is no finding of fact by the Court to support a judgment for more that $1,637.50.

"4.

"The judgment entered herein is contrary to the evidence before the Court in that there is no issue of damages, of negligence, and proximate cause that will support the Court's judgment for $9,373.50 in that the only issues requested by plaintiff and submitted by the Court as to damages are Special Issues No. 5, 6, 7 and 8, therefore such judgment entered is contrary to the law and evidence governing this cause of action."

■ As we understand appellant's brief his primary contentions are the matters complained of by his four assignments of error in his motion for new trial above quoted.

The parties made the following stipulation in open court:

"Mr. Whitehead: It is stipulated by and between the Plaintiff and the Defendants, that the reasonable cost of repairing the Plaintiff's structure in Longview, Gregg County, Texas, at the time the repairs were made was the sum of $7,741.00. Is that correct, Mr. Smith?

"Mr. Smith: Whatever is in the petition, whatever that might be. $7,-741.00."

Paragraph 5 of plaintiff's second amended petition reads as follows:

"That as a result of the damage done to Plaintiff's residence by said fire and in order to restore Plaintiff's residence to the condition that it was in immediately prior to the fire, repairs to such residence in the amount of Seven Thousand Seven Hundred Forty-One and No/100 ($7,741.00) Dollars, were required, which amount was the usual and customary charge for such repairs in Longview, Gregg County, Texas, at the time said repairs were made, to Plaintiff's damage in the amount of Seven Thousand Seven Hundred Forty-one and No/100 ($7,741.00) Dollars."

Appellant levelled no special exceptions of any character to paragraph 5, supra.

The Statement of Facts also shows the following matters when appellee was being interrogated by appellant's attorney of record, to wit:

"Q. Well, then, do I follow you? What you are saying is that you had only one repairman or received one estimate for repairs or replacement on all of the items? A. Now, we're talking about the household items?

"Q. Household or— A. Now, the building, I did have.

"Q. *Well, we have already conclusively settled the damages on the building.* A. *All right.*

"Q. *That was stipulated to.*" (Emphasis added)

Considering the stipulation above referred to, in the light of the record as a

whole in this cause, it is our view that the elements of damages to appellee's house in the sum of $7,741 were agreed to and undisputed. Consequently there was no necessity to submit any issue to the jury on this matter.

Finding no reversible error in the record the judgment of the trial court is affirmed.

Affirmed.