**Flora HENRY, Appellant,**

v.

**Homer ROUNTREE et ux., Appellees.**

**No. 15937.**

Court of Civil Appeals of Texas. Dallas.

Feb. 9, 1962.

Rehearing Denied March 9, 1962.

Odeneal & Odeneal, Dallas, for appellant.

Brundidge, Fountain, Elliott & Bateman and Ralph D. Churchill, Dallas, for appellees.

YOUNG, Justice.

The suit was for establishment of a private easement over land; the defense, abandonment thereof by way of adverse possession for the statutory period of (ten year statute of limitations). At close of evidence, the court withdrew the case from consideration by the jury and rendered judgment for appellees establishing their easement rights by way of final injunction, and the appeal followed.

Appellant, Mrs. Flora Henry, originally owned both of these properties (City #5935 and 5941—Bryan Parkway); she and her husband selling the latter numbered house and lot to Earl C. Scott and wife on January 18, 1946. The deed after describing the land sold contained the following recital: "Grantors herein also grant to grantees herein, their heirs, executors, administrators and assigns, an easement for driveway or passageway over and across the following described property, together with free ingress, egress and regress at all times". Then followed detailed field notes of a strip of land 5 x 96.5 feet in size off the east side of the Henry's adjacent property. On January 19, 1948, Mrs. Ada Dunham, formerly Mrs. Earl C. Scott, conveyed the same property (5941 Bryan Parkway) to Camella Gray, who on October 11th, 1957 conveyed to Homer Rountree and wife, present owners and appellees. Each of these mesne conveyances or deeds also included the easement as above recited in the prior Henry-Scott deed. In 1959 the Rountrees attempted to construct the driveway contemplated by aforesaid easement but were prevented by Mrs. Flora Henry, (now a single woman), from completing same. This precipitated the instant suit for mandatory injunction resulting in the judgment for appellees as prayed.

Mrs. Henry testified that she had continued to use and occupy the strip as before the deed to Earl C. Scott; that in 1946 she had placed concrete slabs in the easement strip as a walkway; having rented a room to various tenants from time to time, no date shown; planted St. Augustine grass on the strip, mowing same, additionally devoting it to flowers and rose bushes; that in 1946 grantee, Earl C. Scott, had erected a fence from the common rear alley toward the front, which had extended about 20

feet into the easement property. The testimony of other witnesses was to the effect that Mrs. Henry had conducted a kindergarten for a time in the rear room of her home, the children using the easement as a playground. It is not disputed that appellees and their predecessors in title had made no use of the easement space until the attempted construction of driveway in 1959. Mrs. Rountree stated in this connection that they would not have purchased the property had the deed not contained the driveway privilege and that it was not until 1959 that they were able to do the necessary financing. On the other hand it was the testimony of Mrs. Henry that her first personal knowledge of the easement rights was in October 1959; and that she had signed the 1946 deed without reading it, the deal being handled by her then husband Joe Henry. And obviously the first knowledge had by appellees of this hostile claim was in 1959.

[redacted] The "adverse possession" contemplated by Art. 5510, Vernon's Ann.Civ.St. (10 year statute of limitations) is defined in Art. 5515 as "an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another." Having continued in possession of the easement after the 1946 deed, such actual holding on part of Mrs. Henry, without more, could not be deemed adverse. Hers was the further burden of showing that said continued use and occupancy of the strip was inconsistent with and hostile to the 1946 grantees and their assigns over the 10-year period. Otherwise, her possession would be presumably subservient to the title which she had conveyed and consistent with it. Texas Practice, Vol. 5, (Limitations) § 872.

"One who sells a lot to be used as city property, which at the time is inclosed in a field, cannot successfully set up the statute of limitations against the grantee merely because the latter fails to take actual possession, and permits it to remain in the original inclosure. In order to make the plea of limitation effectual in such case, he must show some notorious act of ownership over the property, distinctly hostile to the claim of the grantee; and the adverse possession after this must continue for a sufficient length of time before suit to complete the statutory bar. The 'possession must not only be actual, but also visible, continuous, notorious, distinct, and hostile, and of such a character as to indicate unmistakably an assertion of claim of exclusive ownership in the occupant.'" Evans v. Templeton, 69 Tex. 375, 6 S.W. 843. See also American Nat'l. Bank of Beaumont v. Wingate, Tex.Civ.App., 266 S.W.2d 934.

[redacted] In our opinion the testimony adduced on behalf of appellant lacked much of satisfying the test of a "visible, continuous, notorious, distinct, and hostile, (possession) and of such a character as to indicate unmistakably an assertion of claim of exclusive ownership * * *." Evans v. Templeton, supra.

Judgment of the trial court is affirmed.

WILLIAMS, J., not sitting.