The **AETNA CASUALTY AND SURETY COMPANY, Appellant,**

v.

Wallace D. **CURLEE, Appellee.**

No. 16843.

Court of Civil Appeals of Texas.

Fort Worth.

June 16, 1967.

Simon, Crowley, Wright, Ratliff & Miller, and Harold A. Mueller, Fort Worth, for appellant.

George Busch, Fort Worth, for appellee.

## OPINION

RENFRO, Justice.

Judgment, based upon jury findings, was rendered in favor of plaintiff for total and permanent benefits.

Defendant's first point claims error on the part of the court "in entering its judgment in favor of plaintiff for total and permanent benefits because there is no evidence to support such jury finding"; and in point two it contends the court erred in entering judgment for total and permanent benefits because "such jury finding of total and permanent incapacity is so clearly contrary to the overwhelming weight and preponderance of the evidence that it is manifestly unjust."

Eleven issues were submitted to the jury. All issues were answered favorably to plaintiff (except unanswered conditionally submitted issues).

It will be noted that defendant's points of error do not refer to a particular issue, or error, as contemplated by Rule 418, Texas Rules of Civil Procedure, and is therefore a general assignment of error. Under authority of Rule 418 and Texas Employers Ins. Ass'n v. Hawkins, 369 S.W.2d 305 (Tex.Sup., 1963), and Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931 (1956), we could, as plaintiff requests by counterpoint, refuse to consider the points.

█ Defendant's argument, however, makes it clear that it believes plaintiff should not be allowed total and permanent benefits because he was at time of trial earning more as a Baptist pastor than he was earning as a stock clerk at the time of the injury. We overrule plaintiff's counterpoint and will consider defendant's contentions as presented and briefed.

Plaintiff testified: prior to moving to Fort Worth in August, 1964, he had worked as a truck driver for five years and had been pastor of a church in Illinois for seven years. In 1963 he underwent a laminectomy for removal of a ruptured disc, but recovered and had no limitation in his movements. He registered at Southwestern Baptist Seminary for special courses in September, 1964. In October, 1964 he was employed by Great Atlantic and Pacific Tea Company as a stock clerk. His work consisted mainly of physical labor. On February 20, 1965, as he picked up a box of drugs, he hurt his lower back. Although in pain, he continued to work for a week. He went to Dr. Fred Sanders, who x-rayed him, then sent him to a hospital. Bed rest

and traction were applied but the pain continued. After a myelogram, surgery was performed on his back for a spinal fusion. He remained in the hospital about two weeks. After returning home he wore a brace for sometime and reported to the doctor at intervals. In June of 1965 he became pastor of the First Baptist Church of Forest Hill. His duties are the regular ministerial duties of a church pastor—preaching, performing wedding ceremonies and burying the dead, etc. He is still a part-time student at the Seminary. The only manual effort required in his work is bending or stooping to a file cabinet and in immersing converts. In bending or moving around his back is aggravated. His pain is eased to some extent when he takes exercises and applies heat. He is not able to do anything that requires lifting or stooping. He does not think his condition is improving. Since the injury he has "charley horses" or knots in his legs. Every night, one to three times, the pain from such knots awaken him and the pain is so intense he must "bound out of bed" and stand up to ease the pain. He had no such trouble before the injury. His salary as pastor is $70.00 per week, plus a housing allowance. His salary is in excess of his salary at A. & P. His purpose in life is to be a pastor. He cannot return to the kind of work he was doing at the time of his injury. There is a definite limitation on his ability to move, bend, stoop, etc. He does not believe he could ever in the future hold a job like the job he was doing before the injury; his back is not getting any better. If he, for any reason, found it necessary to leave the ministry he could not return to a job requiring physical labor because of his back condition. Getting in and out of cars aggravates his back. As an aftermath of a bowel blockage sustained in the hospital following the operation, he still passes blood, and he still takes medicine for that ailment. He is further restricted and hindered in his pastoral duties through the necessity of taking frequent rests during the day.

Dr. Fred Sanders, called as a witness by the defendant, testified: he is a medical doctor specializing in the practice of orthopedic surgery. He first saw plaintiff March 2, 1965. He sent plaintiff to the hospital that same day. On the 10th of March a fusion of the fourth lumbar and fifth lumbar vertebrae was carried out, utilizing bone from plaintiff's iliac crest. Fusion, as was done, means welding together the two vertebrae, the purpose being to stabilize that area. Plaintiff remained in the hospital 17 days. He saw plaintiff at intervals until September 13, 1965. He is of the opinion plaintiff would have a permanent general performance disability, approximately ten to fifteen per cent of the body as a whole. Based on his conception of the duties of a minister he thinks plaintiff will not be prevented from performing such duties. He does not know of any employer who would hire plaintiff in the condition his back is in now (date of trial 10–26–1966). That condition is permanent. He noted on the hospital records "under the exposure of the L 4–5 interspace, a large extruded disc was removed after a great deal of difficulty and mobilizing of the nerve root." In his opinion plaintiff's incapacity is permanent and total in that plaintiff cannot get a job doing the usual, ordinary task of a workman.

The court in its charge defined Total Disability in substantially the same manner as approved in Texas Employers' Ins. Ass'n v. Mallard, 143 Tex. 77, 182 S.W.2d 1000 (1944).

Defendant did not object to the definition, nor did it object to any of the issues submitted.

■ The evidence summarized above and the hospital records which were in evidence fully support the jury findings of total and permanent incapacity as defined in the charge, and such findings are not against the overwhelming weight and preponderance of the evidence.

■ The fact that plaintiff has continued to work and earn money, and at the same rate of pay, or more, as before the injury does not establish conclusively that he has not suffered loss of earning capacity. Texas General Indemnity Co. v. Hernandez, 388 S.W.2d 334 (Tex.Civ.App., 1965, no writ hist.).

Defendant relies upon Texas Employers' Ins. Ass'n v. Moran, 261 S.W.2d 855 (Tex. Civ.App., 1953, writ dism.); Texas Employers' Ins. Ass'n v. Vineyard, 316 S.W.2d 156 (Tex.Civ.App., 1958, no writ hist.); and Fidelity & Casualty Co. of New York v. Burrows, 404 S.W.2d 353 (Tex.Civ.App., 1966, ref., n. r. e.), for its contention that the jury findings are against the great preponderance of the evidence.

It is difficult to find any two cases that are exactly the same, and quite often each workmen's compensation case must be decided upon its own peculiar facts. Fidelity & Casualty Co. of New York v. Burrows, supra. The facts in this case, as shown in the record, are so dissimilar to the facts in the above cited cases that the holdings therein are not applicable, and certainly not controlling in the instant case.

■ It is established in Texas that if a claimant's capacity and efficiency to work are not the same as before the injury he is entitled to compensation regardless of the fact that he was paid, after the injury, as much or more than he earned prior to or at the time of the injury. 63 Tex.Jur. 2d 20, § 140.

In Trinity Universal Ins. Co. v. Scott, 342 S.W.2d 348 (Tex.Civ.App., 1961, ref., n.r.e.), this court, through Chief Justice Massey, wrote: "The primary question posed on this appeal is whether or not, under the Texas Workmen's Compensation Act, Vernon's Ann.Tex.St., Art. 8306 et seq., an injured workman may secure a valid judgment for total and permanent disability when he is at time of the trial actually earning money in excess of the wages upon which his weekly compensation is calculated.

"We do not consider this to be an open question in view of prior decisions upon the matter." The opinion then lists 41 cases in support of the holding that a judgment will not be reversed merely because there is evidence in the record showing that the disabled employee is in fact working and earning money, regardless of the amount of money being earned; that such proof constitutes a part of the factual evidence which may and should be taken into consideration by the jury in answering the issues upon incapacity or disability, but does not, as a matter of law, preclude the award of compensation even for total and permanent disability.

■ Plaintiff is fortunate in that he can substantially perform the duties of a Baptist pastor, but his good fortune does not excuse defendant from compensating him for the loss of capacity and efficiency to work as contemplated by the Workmen's Compensation Law.

■ Plaintiff, by counterpoint, requests that damages in the amount of ten per cent of the judgment be assessed against defendant as provided for by Rule 438, T.R. C.P. The penalty authorized by the rule should not be assessed against an appellant, even though the appellate court finds that the appeal is without merit, in the absence of a showing that the appeal was taken for delay and there was no sufficient cause for taking such appeal. Ollok v. United Heat Treating Co., 318 S.W.2d 785 (Tex.Civ. App., 1958, no writ hist.); Jackson v. Hexter, 372 S.W.2d 570 (Tex.Civ.App., 1963, no writ hist.).

■ Even though we have found against defendant on the merits, we cannot say, without considerable doubt, that the appeal was taken for delay. Plaintiff's counterpoint is overruled.

Judgment of the trial court is affirmed.

Affirmed.