**INTERNATIONAL SECURITY LIFE IN-
SURANCE COMPANY, Appellant,**

v.

**Clayton COOK and Margery Cook,
Appellees.**

**No. 8175.**

Court of Civil Appeals of Texas,
Amarillo.

Sept. 27, 1971.

Rehearing Denied Oct. 26, 1971.

A. J. Bryan, Frank H. Pope, Jr., Fort
Worth, for appellant.

Richard W. Brainerd, Vega, for appel-
lees.

PER CURIAM.

This appeal results from a trial court
judgment entered upon a jury verdict that
plaintiff-appellee recover on a hospitaliza-
tion insurance policy issued by defendant-
appellant. The amount of the judgment
was $4,080.00, consisting of $2,500.00 medi-
cal expenses, $300.00 statutory penalty and
$1,280.00 in attorney's fees. Affirmed
with damages.

Appellant, International Security Life
Insurance Company, brings one point of
error to this court: That the trial court
erred in admitting into evidence appellee's
hospital bills for the reason that there was
no proper predicate laid for their introduc-
tion under Article 3737e, Vernon's Anno-
tated Texas Civil Statutes.

Mr. Fred Ingram, Jr., Patient Ac-
count Manager at St. Anthony's Hospital
in Amarillo where appellee was confined,
testified that he was in direct supervision
of accounts for the hospital. He further
testified that the appellee's bill was pre-
pared under his direct supervision and di-
rection, that the bills were prepared in the
normal course of business at the hospital,
and that they were prepared at or near the
time of the act, event or condition, as the
following excerpts from the record dis-
close:

"Q. Okay. Now, as Patient Account Manager for St. Anthony's Hospital, do you have charge of all the records keeping as far as the charges for a patient in the hospital are concerned?

"A. Yes, sir.

"Q. Do you have the direct supervision of those accounts?

"A. Yes, sir.

* * * * * *

"Q. Okay. Now, this whole bill, three pages of it, was prepared under your direct supervision and direction?

"A. Yes, sir.

* * * * * *

"Q. Mr. Ingram, are these bills prepared in the normal course of business at St. Anthony's Hospital?

"A. Yes, sir.

"Q. And, the entries are therein made. Are they made daily or how are they made?

"A. You want me to explain to you and the Court how they do our billing?

* * * * * *

"Q. Are these entries entered daily?

"A. Yes, sir.

"Q. And, each account is kept separate from any other?

"A. Yes, sir.

"Q. And, in the normal course of business of St. Anthony's and in your position as Patient Accounts Executive, or Manager, you have supervised the preparation of that particular bill?

"A. Yes, sir.

"Q. And, each of the entries thereon?

"A. Yes, sir.

* * * * * *

"Q. Do you have occasion to deal with the originals as they come into the office?

"A. Occasion, yes, sir.

"Q. Do they come into the billing office every day?

"A. Every day.

"Q. Are they then posted to each patient's account?

"A. Every day, yes, sir. If I might clarify one thing, Your Honor?

"THE COURT: All right.

"A. Being on a computer we bill today what happened yesterday. Where a weekend is involved * * * there is as long as three days from the time a item is purchased from the pharmacy until it's billed to the account."

The above record discloses that the precise predicate required by Article 3737e, Section 1, was specifically laid for the introduction of the complained of hospital bill, a record prepared by the hospital reflecting its charges for services rendered to Mrs. Cook. We overrule appellant's point of error.

■ The entire record has been brought forth to this Court, and from a review of that record in its entirety, we are of the opinion that this appeal is frivolous and was taken for purposes of delay only and without sufficient cause; and, we sustain appellees' counterpoint for assessment of an additional ten percent (10%) of the judgment as damages, as provided by Rule 438, Texas Rules of Civil Procedure. International Security Life Insurance Company v. Riley, 467 S.W.2d 213 (Tex.Civ. App.—Amarillo 1971, writ filed); Roye v. Silver Dollar Financing, Inc., 432 S.W. 2d 123 (Tex.Civ.App.—Fort Worth 1968, no writ).

The judgment is affirmed, and, in addition, we assess damages for delay in the sum of $408.00.