Gus DANIELS, Appellant,

v.

SHOP RITE FOODS, INC., et al., Appellees.

No. 822.

Court of Civil Appeals of Texas,
Corpus Christi.

Nov. 30, 1973.

Rehearing Denied Dec. 21, 1973.

Thomas G. Sharpe, Jr., Hardy, Sharpe & Rodriguez, Brownsville, for appellant.

Wm. C. Church, Jr., Kampmann, Church & Burns, San Antonio, Stiernberg, Skaggs & Koppel, Harlingen, for appellees.

## OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment in favor of Shop Rite Foods, Inc. and Quickie Mart, Inc., appellees and against Gus Daniels, the appellant.

The appellant's original petition alleged a cause of action for damages by reason of claimed breaches of written contracts in two particulars. In its first count, appellant's suit was based on the original lease contract from him as owner-lessor to Quickie Mart, Inc., a subsidiary of Shop Rite Foods, Inc., and upon a special purpose lease and Commission Marketing Agreement from Quickie Mart, Inc., as sub-lessor back to the appellant as a sub-lessee. The claim was for damages in the sum of $185,500.00 resulting from cessation of operations of Quickie Mart, Inc. The action enumerated as "count two" alleged a cause of action for damages by reason of the termination of two letter agreements both from appellee Shop Rite Foods, Inc. in the amount of two million dollars. The trial court concluded in its judgment that it was of the opinion that there was a complete absence of any genuine issue of material fact as to either of appellant's alleged causes of action and that Quickie Mart, Inc. and Shop Rite Foods, Inc. were entitled to judgment as a matter of law.

The appellant alleges one point of error. The appellee attacks the sufficiency of this point so we therefore quote it in full:

"The Trial Court erred in granting Appellees' Motion for Summary Judgment because pleadings, affidavits, depositions and exhibits on file establish that there was a genuine issue as to the material facts involved thus precluding a Summary Judgment pursuant to Texas Rules of Civil Procedure, Rule 166(a) [166–A]."

Rule 418, T.R.C.P. requires the appellant to show the error of the trial court in such a way that the appellate court can determine the soundness of the point relied upon by appellant. The appellant has failed to point out to this Court any fact questions which allegedly exist on issues material to this cause and/or wherein appellees failed to show the trial court that appellees were entitled to summary judgment. It has been held that such a point of error is too general and indefinite to require appellate consideration especially, where there is no argument pointing out the basis upon which the summary judgment should have been denied. Cotten v. Republic National Bank of Dallas, 395 S. W.2d 930 (Tex.Civ.App.—Dallas 1965 writ ref'd n. r. e.) and authorities cited therein. Jones v. Hunt Oil Company, 456 S.W.2d 506, 510 (Tex.Civ.App.—Dallas 1970 writ ref'd n. r. e.) and authorities cited therein. Snider v. Forrest Lumber Company, 448 S.W.2d 130 at 133 (Tex.Civ.App.—Tyler 1969 no writ) and authorities cited therein. See Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931 (1956) and compare Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119 (Tex.Sup.1970). We conclude that appellees' criticism of this point is sound and sustain appellees' second counterpoint.

We are not required to search through the record and analyze all the pleadings, the depositions, and the written lease agreements in an effort to discover a possible issue of fact. In the case before us the record discloses that there are over 200 pages in the transcript. The summary judgment was not based solely on the pleadings but also on the deposition of the appellant, numerous letters, contracts and other written agreements. The question that was before the trial court, as well as on appeal, is not whether the summary judgment proof raises fact issues with reference to the essential elements of plain-

tiff's claim or cause of action, but it is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of plaintiff's cause of action. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970). The rule (166–A T. R.C.P.) requires that all doubts as to the existence of a material issue of fact must be resolved against the party moving for a summary judgment. Although the appellant does not need to show on appeal that the summary judgment record discloses the existence of a material issue of fact, he must show that the proof in the trial court was insufficient to establish as a matter of law, the absence of such an issue. Anderson v. Bormann, 489 S.W.2d 945 (Tex. Civ.App.—San Antonio 1973, writ ref'd n. r. e.). This he has failed to do. However, in accordance with the usual practices of the appellate courts, we look to the statements and arguments in appellant's brief to determine if possible, the nature of his complaint.

◼ The appellant states that in the original lease he is entitled to sell gas on the premises under the special purpose lease. The appellant claims that appellees closed the store, locked up all the instruments for the operation of sale of gas, thereby damaging him. The written lease agreement provides that if the lessees (appellees) determine in their judgment that it is no longer economically advisable to conduct a drive-in grocery business on the leased premises, nothing in the lease shall compel them to do so. The lease provides further that "such ceasing to operate shall not release the lessee (appellees) from its obligation to pay the guaranteed annual rent agreed to be paid thereunder." The lease permits the lessor (appellant) to install gasoline-dispensing equipment at his own expense or permits appellant to enter into sub-lease with a third party for such purposes. The lease did not require the appellees to keep their non-profitable gro-

cery operation open for this privilege, but on the contrary permitted appellees to cease operation. The lease only required the appellees to continue to pay lease payments if they closed the store. It was undisputed that appellees were current in their lease payments. Appellants did not attempt to cancel the lease, or otherwise set it aside.

◼ Appellant contends in his second count that because of the termination by appellees of appellant's rights to deal exclusively with appellees in the installation and operation of self-service gas stations and retail grocery stores in the Rio Grande Valley he has been further damaged. The letter agreements between the parties did not contain any term. They were for an indefinite period and could be terminated by the appellees upon giving reasonable notice. The summary judgment evidence showed that notice was given to the appellant of the termination of the letter agreements. The appellant's affidavit does not deny any of these facts, nor does he contend that he did not receive notice or that the notice that he received was unreasonable. Such a contract may be terminable by either party on reasonable notice without assigning a reason. 17A C.J.S. Contracts § 398, p. 478 and authorities cited therein. We might also point out that the letter agreements lacked mutuality. See 13 Tex. Jur.2d Contracts § 85 et seq.

Appellees admitted in the trial court and here that they had the burden of convincing the trial court that all possible issues involved were matters of law and that there were no issues of fact. It was appellees' position throughout that all dealings between the parties were on written instruments, the terms of which were uncontested and the obligations, rights and liabilities arising therefrom were law questions. We have reviewed the instruments referred to in the briefs and have concluded that the trial court was correct in finding that the appellant was not entitled to recover against appellee as a matter of law.

The appellant waived oral argument and submitted his case on his brief. We must again point out that appellants have failed to call to our attention in his brief or by written argument any deficiency in the summary judgment proof. We therefore hold that the appellant has failed to show that the trial court erred in granting the motion. Anderson v. Bormann, supra.

Appellant's point of error is overruled. The judgment of the trial court is affirmed.