**INTERNATIONAL SECURITY LIFE INSURANCE COMPANY, Appellant,**

v.

**H. P. ROBICHAU, Jr., Appellee.**

**No. 7563.**

Court of Civil Appeals of Texas, Beaumont.

May 16, 1974.

Motion for Rehearing Denied June 6, 1974.

Stanley S. Crooks, Dallas, for appellant.

Gordon R. Pate, Beaumont, for appellee.

KEITH, Justice.

We review a dual appeal by the defendant from an order overruling its plea of privilege to be sued in Dallas County, and an adverse judgment rendered in a non-jury trial upon the merits which followed immediately upon conclusion of the venue hearing.

Since this is the third appearance in this court of the present or cognate litigation, we refer to the prior opinions for a detailed statement of the underlying fact structure.[1] After the remand of the venue appeal, plaintiff amended his pleadings so as to plead a more detailed cause of action against defendant, and his amended controverting affidavit invoked subdivision 23, Art. 1995, Vernon's Ann.Civ.St., to maintain venue in Jefferson County. In addition to documentary evidence, plaintiff testified to facts, which were accepted by the trial court, establishing a cause of action against defendant under subdivision 23.

Similar evidence, with additional proof of the reasonableness of the fees of plaintiff's attorney, was offered on the trial of the cause on the merits; and, again, the trier of the facts accepted the plaintiff's version and entered judgment for the plaintiff. We note in passing that the defendant offered no evidence and tendered no defense at either hearing. The trial court filed separate findings of fact and conclusions of law as to the venue hearing and as to the trial on the merits.

Defendant's brief is sui generis and shows a complete disregard of the rules regulating briefs in this court. There are thirty points of error, none of which comply with Rule 418, Texas Rules of Civil Procedure. Incredibly, sixteen of these points read: "The Court erred in overruling Appellant's objection (S.F.6, L.15)," with the only change being a different page and line reference in parentheses. Three more are substantially alike, reading: "The Court erred in overruling Appellant's objection and motion to strike testimony (S.F.14, L.17)." We need point to only one other such aberration—No. 27: "The Court erred in entering Judgment for Appellee." The remaining "points" are likewise deficient but for a variety of other reasons.

The "argument" is broken into two segments, the first is made applicable to the first twenty-three "points" and there is no statement of the underlying record accompanying such "argument." The second section of the brief consists of an "argument" directed to points 23–30; and, again, there is no statement from the record upon which such argument is based.

Plaintiff suggests, because of the flagrant violation of the briefing rules, nothing is presented for review. This Court is firmly committed to a liberality in the construction of the briefing rules,[2] but no court, including this one, is required to formulate points presenting an appellant's

---

1. International Security Life Ins. Co. v. Melancon, 463 S.W.2d 762 (Tex.Civ.App., Beaumont, 1971, error ref. n. r. e.) ; International Security Life Ins. Co. v. Robichau, 490 S.W.2d 871 (Tex.Civ.App., Beaumont, 1973, no writ).

2. See, e. g., City of San Antonio v. Guido Bros. Construction Co., 460 S.W.2d 155, 158 (Tex. Civ.App., Beaumont, 1970, error ref. n. r. e.) ; Central Freight Lines v. Bergeron, 470 S.W.2d 117, 119 (Tex.Civ.App., Beaumont, 1971, error ref. n. r. e.) ; Ex parte Gallop, 486 S.W.2d 836, 838 (Tex.Civ.App., Beaumont, 1972, error ref. n. r. e.).

complaints, search the record for factual support, and then cull a scatter-barrel argument to determine if there be error lurking in the unexplored recesses of the record.

■ The requirements of Rule 418, when considered with the authoritative case of Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482 (1943), and its progeny, are neither rigid nor burdensome. Nevertheless, there must be some semblance of compliance with the rule in order to obtain judicial review. Appellant, cast in judgment, labored under the burden of demonstrating error in the proceedings below. It has not discharged such burden by completely ignoring the fundamental rules in the presentation of the complaints. We decline to consider points of error 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 16, 17, 18, 19, and 26, the series of points mentioned earlier which read: "The Court erred in overruling Appellant's objection (S.F.——, L.——)." Nothing is presented for review.[3]

■ Some of the other points are too vague to warrant consideration. See the discussion of Justice Pope, while upon the Court of Civil Appeals, found in Tindall v. Tacconelly, 328 S.W.2d 909, 911 (Tex. Civ.App., San Antonio, 1959, error ref. n. r. e.). Moreover, from the manner in which the argument is presented under the "points", we are unable to determine if each is supported by argument and authorities. Points not briefed are deemed as waived and may be overruled without discussion. Inman v. Parr, 311 S.W.2d 658, 704 (Tex.Civ.App., Beaumont, 1958, error ref. n. r. e.). This latter decision is

particularly applicable to and controls our action on point 30 relating to costs.

■ Since not a single point of error complies with the rules, ordinarily we would examine the record only to determine if fundamental error is present. Cf. McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265 (1957). But, in this instance, we do not follow this rule. Plaintiff seeks the ten per cent penalty for a frivolous appeal authorized by Rule 438.[4] This has the effect of opening up the entire record in the case requiring us to inspect the record and to assess damages only in the event the court concludes from the whole record that the appeal was not taken in good faith, but for delay only. National Surety Corp. v. Stukes, 350 S.W.2d 900, 901 (Tex.Civ.App., Austin, 1961, no writ); Roye v. Silver Dollar Financing, Inc., 432 S.W.2d 123, 124 (Tex.Civ.App., Fort Worth, 1968, no writ).

■ As indicated earlier, the trial court filed findings of fact and conclusions of law with reference to the venue hearing and a separate set of findings and conclusions as to the trial on the merits. In considering the venue appeal, we are required to honor the rule announced in James v. Drye, 159 Tex. 321, 320 S.W.2d 319, 323 (1959), by indulging every reasonable intendment in favor of the trial court's judgment overruling the plea of privilege. Having examined the venue record under the appropriate standards, we affirm the judgment of the trial court in overruling the plea of privilege.

---

3. We need cite but a few of the cases supporting our action herein. See and compare: Safety Cas. Co. v. Bennett, 259 S.W.2d 596, 597 (Tex.Civ.App., Dallas, 1953, no writ); Commercial Travelers Casualty Co. v. Perry, 281 S.W.2d 130, 131 (Tex.Civ.App., Texarkana, 1955, no writ); Carmichael v. Williams, 286 S.W.2d 456 (Tex.Civ.App., Texarkana, 1956, no writ); Loyd v. Rumbaugh Trucking Company, 313 S.W.2d 542, 545 (Tex.Civ.App., El Paso, 1958, error ref. n. r. e.). See also, Knapp, "The Appellant's Brief," State Bar of Texas, Appellate Procedure in Texas, § 12.4 [3] (1964).

4. Our appellant is no stranger to the penalties imposed by Rule 438. See, e. g., International Security Life Insurance Co. v. Riley, 467 S.W. 2d 213 (Tex.Civ.App., Amarillo, 1971, error ref. n. r. e.); International Security Life Insurance Co. v. Cook, 472 S.W.2d 164 (Tex.Civ. App., Amarillo, 1971, error ref. n. r. e.).

**136**

When we consider the appeal on the merits, we are governed by the rule announced in Commercial Union Assurance Company v. Foster, 379 S.W.2d 320, 322 (Tex.1964). If there is some evidence of a substantial and probative character to support the trial court's findings of fact, they are controlling upon this court and will not be disturbed, even though this court might have reached a different conclusion.

We have examined this record carefully and find that there was evidence of a substantial and probative character supporting the trial court's findings of fact. Indeed, defendant offered no evidence of any kind upon the trial. The findings, supported by the evidence, compelled the entry of judgment for the plaintiff. *Foster,* supra.

Although we find no merit in any complaint brought to our attention, and having discovered on our own independent study of the entire record no reversible error, we decline to assess the penalty under Rule 438. Such penalty should not be assessed "in the absence of a showing that the appeal was taken for delay and there was no sufficient cause for taking such appeal." Aetna Casualty and Surety Company v. Curlee, 416 S.W.2d 890, 893 (Tex. Civ.App., Fort Worth, 1967, no writ).

Having made the required independent investigation of the entire record, we are not convinced that an appeal properly presented would not have disclosed arguable irregularities in the proceedings below which would have warranted a good-faith appeal from the judgment. Ineptness in the presentation of the appeal—standing alone—is not, in our opinion, sufficient ground for the assessment of the penalty provided by Rule 438. Plaintiff's sixth counterpoint is overruled.

Having found no reversible error, the order overruling the plea of privilege and the final judgment of the trial court are each Affirmed.