**A.T. LOWRY TOYOTA, INC.,**
Appellant,

v.

**Alan PETERS, Appellee.**

**No. 01–86–0660–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 26, 1987.

Rehearing Denied March 26, 1987.

J. Anthony Hale, Hale, Jones & Christie, Houston, for appellant.

Timothy E. McKenna, Houston, for appellee.

Before WARREN, HOYT and DUNN, JJ.

## OPINION

HOYT, Justice.

This is an appeal from a judgment denying a petition for bill of review seeking to set aside a default judgment awarding damages of $45,200. Appellee, Alan Peters, obtained a default judgment against appellant, A.T. Lowry Toyota, Inc. ("Toyota") on April 17, 1985. On November 8, 1985, Toyota instituted its suit against Peters for bill of review. In its petition for bill of review, Toyota asserted that: (1) it did not discover the fact that suit had been instituted until November 5, 1985, after default had been entered; and (2) Peters did not serve it with process as required by law in the prior suit.

A copy of the first page of the citation attached to Peters' bill of review is contained in the record, which provides in pertinent part the following:

A.T. LOWRY TOYOTA, INC., A CORPORATION, MAY BE SERVED BY SERVING ITS REGISTERED AGENT, A.T. LOWRY: 711 E. DIVISION, ARLINGTON, TEXAS 76001.

The bottom of the citation under "Officer's Return" indicates that on March 19, 1985, Deputy Reid Weaver of Tarrant County executed the citation at 711 E. Abrams, Arlington, Texas at 10:50 a.m., by delivering same to defendant A.T. Lowry Toyota, Inc. in person. Hand written across the very bottom is the statement, "See Corporate Return attached."

Toyota maintains that the address where the officer allegedly executed service was incorrect, and that the citation indicated that the officer served A.T. Lowry Toyota, Inc., and not its agent, A.T. Lowry.

The trial court ordered a bifurcated trial in the bill of review case, and tried the issue of service to a jury on April 24, 1986. The jury found that Toyota had been served with citation in the prior cause, and the trial court entered judgment denying Toyota's bill of review relief, as well as all other relief.

In its first point of error, Toyota contends that the default judgment entered against it was erroneous as a matter of law in that there was a failure to comply strictly with rules 101, 106, and 107 of the Texas Rules of Civil Procedure involving service of process. In that regard, it points out that the entry on the "Officer's Return" on the citation by the Constable was in conflict with both the name and address designated on the citation.

There is no doubt that a comparison of the citation with the Constable's return suggests that the proper party was not served. However, we have neither a record of the proceeding in the prior case nor a statement of facts of the hearing in this cause. In the absence of a record to the contrary, we must presume that the trial court was satisfied that no deficiencies existed in the return of citation. Stated another way, where the appellant fails to include a statement of facts in the appellate record, and no finding of facts are requested or filed, the reviewing court must presume that sufficient evidence was introduced to support the trial court's judgment. *Alexander v. Barlow*, 671 S.W.2d 531, 535 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *see also In re Galliher*, 546 S.W.2d 665 (Tex.Civ.App.—Beaumont 1977, no writ).

Toyota's first point of error is overruled.

In its second point of error, Toyota contends that the trial court erred in the instruction to the jury that essentially asked the jury to presume that the return of citation filed with the clerk was accurate if no contravening evidence was presented other than Toyota's.

Although Toyota's argument may be meritorious, we lack authority to entertain it because no statement of facts has been presented. This point of error is overruled.

In its third point of error, Toyota contends that the trial court erred in failing to grant its motion for instructed verdict. The appellant argues that because the service of citation was invalid and the trial court improperly submitted special issue no. 2, its motion for instructed verdict should have been granted. In light of our reasoning in overruling points of error one and two, that no statement of facts is be-

fore us, we overrule Toyota's third point of error.

In its fourth point of error, Toyota contends that the trial court erred in failing to find as a matter of law that Peters did not provide statutory notice to it, pursuant to § 17.50A(a) of the Texas Business and Commerce Code (Vernon Supp.1986). Without a record of the proceeding from the prior case, we are without authority to hold that proper statutory notice was not given.

In view of our resolution of the first three points of error, we overrule Toyota's fourth point of error.

■ Finally, Peters requests this Court to award damages in his favor against Toyota pursuant to rule 84 of the Texas Rules of Appellate Procedure on the grounds that this appeal was prosecuted for delay, and is frivolous. In disposing of Peter's cross-point, we recite to relevant portions of the record.

Default judgment was rendered against appellant on April 17, 1985. Execution was first issued on the judgment on June 17, 1985, and was returned unexecuted. A second execution was issued on October 16, 1985. On November 8, 1985, Toyota filed a bill of review and a petition to enjoin the collection of the judgment alleging that citation was not properly served on Toyota. Attached to the bill of review was the sworn affidavit of its president and registered agent, Mr. A.T. Lowry. He stated that neither he nor the corporation was properly served with process. Also attached to the bill of review was the first page of the citation of process, which stated on its face that a second page attachment containing a corporate return existed. That second page was not attached to Toyota's bill of review or introduced into evidence by it to show that service was defective.

Upon questioning by the justices during oral argument, Toyota's counsel conceded that the service of process to it was not defective and that the second page of the citation that it did not include in its bill of review rectified whatever defect existed in the service of process. Toyota's counsel further revealed that Toyota's only concern with the judgment was the amount of damages awarded. Toyota asserted that its case turns on our disposition of its fourth point of error, which concerned whether the court erred as a matter of law in granting Peter's statutory damages without a showing that notice of the claim was given in advance of Peters filing his suit.

From the record, we have no doubt that Toyota attached a copy of only the first page of the service of process, knowing that the process considered in its entirety was not defective. It is clear that Toyota knew that a complete record of the default judgment proceeding would have been necessary before we could pass upon the propriety of the evidence including damages. We conclude that the appeal was frivolous because the state of the record could provide but one benefit to Toyota: delay. Toyota has not responded to this charge.

After careful consideration of Toyota's four points of error, we hold that this appeal is frivolous and was brought solely for dilatory purposes. Without a statement of facts and a complete record, the outcome of this appeal was predetermined. Therefore, we grant Peters' request for additional damages of 10% of the prior judgment pursuant to rule 84 and reform the judgment accordingly.

The judgment of the trial court as reformed is affirmed.

DUNN, Justice, dissenting.

I concur with the majority that this judgment should be affirmed; however, I respectfully dissent with regard to the majority's award of damages to the appellee pursuant to rule 84 of Tex.R.App.P.

Appellee has filed a motion for costs based on a frivolous appeal. *See* Tex.R. App.P. 84. Ineptitude in the presentation of an appeal is not sufficient ground for assessment of a frivolous appeal penalty. *International Security Life Insurance Co. v. Robichau,* 510 S.W.2d 132 (Tex.Civ. App.—Beaumont 1974, no writ). Even if an appellate court finds that the appeal is without merit, in the absence of a showing

that the appeal was taken for delay and there was no sufficient cause for taking such appeal, the penalty authorized by the rule should not be assessed. *Aetna Casualty & Surety Co. v. Curlee*, 416 S.W.2d 890 (Tex.Civ.App.—Fort Worth 1967, no writ). It is because of the state of the record that we are unable to address appellant's points of error. We cannot say, without doubt, that the appeal was taken for delay.

I would overrule appellee's cross-point for cost based on frivolous appeal.