INPETCO, INC., H. Brennan (Inc.) and
Henry Brennan, Appellants,

v.

TEXAS AMERICAN
BANK/HOUSTON N.A., Appellee.

No. C14–86–309–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 26, 1986.

Rehearing Denied Jan. 2, 1987.

Writ Refused N.R.E. April 1, 1987.

William B. Portis, Jr., Houston, for appellants.

Lawrence L. Bellatti, Lori M. Gallagher, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

### OPINION

DRAUGHN, Justice.

Appellants seek reversal of a summary judgment rendered against them. In their single point of error, appellants assert that because genuine issues of material fact exist this court must reverse the trial court and remand the case for a trial on the merits. We find that appellants have failed to properly allege, brief, or support by argument their point of error in accord-

ance with Rule 414[1] of the Texas Rules of Civil Procedure and have therefore waived their point of error. Accordingly we affirm the judgment.

To obtain judicial review, one must comply with the rules to a reasonable degree. *International Security Life Ins. Co. v. Robichau*, 510 S.W.2d 132, 135 (Tex. Civ.App.—Beaumont 1974, no writ). Rule 414(b) requires an appellate brief to contain an alphabetically arranged list of authorities with references to the pages of the brief where the cases are cited. Paragraph (d) requires that reference be made to the pages of the record where the alleged error is located after a statement of the points of error upon which the appeal is predicated. Finally, paragraph (e) requires a discussion of the authorities as is deemed necessary to clarify the points of error of which the parties complain.

Here, appellants failed to comply with these briefing rules in virtually every respect. They have failed: to state the alleged error with specificity; to provide references to the record; and to discuss why the cases listed by them support their position that the trial court erred in granting the summary judgment. An appellate court is not required to search the record and analyze all the pleadings, affidavits, depositions and other evidence in an effort to discover a possible fact issue on appeal. *Daniels v. Shop Rite Foods, Inc.*, 502 S.W.2d 894, 895 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.); *International Security Life Ins. Co.*, 510 S.W.2d at 134–35. Appellants' point is not properly briefed. Any points that are raised but not properly briefed are waived. *Richardson v. Office Buildings of Houston*, 704 S.W.2d 373, 375–76 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Bellefonte Underwriters Ins. Co. v. Brown*, 663 S.W.2d 562, 576 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Nolan v. Bettis*, 577 S.W.2d 551, 556 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.).

Second, appellants' point of error is too general to warrant review. *Ratcliff v. Sherman*, 592 S.W.2d 81, 82 (Tex.Civ. App.—Tyler 1979, no writ). A point of error is too general and indefinite to require appellate consideration, especially where it is not supported by argument pointing out the basis upon which the summary judgment should have been denied. *Daniels*, 502 S.W.2d at 895. Appellants merely allege generally that they have raised genuine issues of material fact in the pleadings, affidavits and other documents contained in the transcript. They provide neither an explanation of the issues nor a reference to the record. A mere abstraction or conclusion stated in lieu of a point of error in briefing is not acceptable when no alleged error of the trial court is shown therein. *Blackburn v. Manning*, 307 S.W.2d 347, 351 (Tex.Civ.App.—Amarillo 1957, writ dism'd w.o.j.).

While we are reasonably liberal in the enforcement of the briefing rules so as to effect an appellate review, here the disregard of the appellate briefing rules is so complete as to present nothing for us to review. The judgment of the trial court is affirmed.

---

1. Rule 74 after September 1, 1986.